# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl A. Bell, : 
                Petitioner : 
                 : 
           v. :   No. 181 M.D. 2013
                 :   SUBMITTED: February 28, 2014
Pennsylvania Board of Probation and : 
Parole, : 
                Respondent : 

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**PER CURIAM**                         **FILED: July 24, 2014**

Before the Court are (1) the *pro se* motion for judgment on the pleadings filed by Darryl A. Bell in his action in mandamus against the Pennsylvania Board of Probation and Parole (Board) and (2) the Board's application for summary relief.[1]  In his action, Bell challenges the constitutionality of the provisions of Subchapter H of the Sentencing Code, commonly known as the Adam Walsh Act, 42 Pa. C.S. §§ 9799.10 - 9799.41, which required him to register with the Pennsylvania State Police (PSP) for lifetime as a convicted sexually violent offender.

The relevant facts alleged by the parties are undisputed.  Bell was sentenced to death after his conviction of a murder committed in 1960.  His death sentence was later reduced to a life sentence without parole following the United States Supreme Court's decision in *Furman v. Georgia*, 408 U.S. 238 (1972).  In

---

[1] In an order dated November 26, 2013, the Court incorrectly listed "the cross-applications for summary relief" for disposition when Bell filed only an answer to the Board's application for summary relief and did not file his own application for summary relief.

1976, former Governor Shapp commuted his sentence to imprisonment for life with a possibility of parole. He was released on parole in 1978. In 1990, he was convicted of rape and corruption of a minor involving his 17-year-old stepdaughter and sentenced to serve an 8-to-20 year imprisonment term. In 1994, he was constructively reparoled from the murder sentence while serving the rape sentence. After serving the maximum rape sentence, he was released on May 30, 2013 to live with his sister in Wilmington, North Carolina under an approved home plan. Before he was released, the Board collected information necessary to register him as a sexually violent offender and forwarded it to the PSP, as required by Section 9799.19(b)(2) of the Adam Walsh Act, *as amended*, 42 Pa. C.S. § 9799.19(b)(2).

On April 11, 2013, Bell commenced the instant action by filing a petition for writ of mandamus. He alleged that "only appellate courts are constitutionally permitted to review or modify court judgments" and that the Adam Walsh Act violates the separation of powers doctrine because it "requir[es] the executive branch to re-classify sex offenders already classified by court order." Petition for Writ of Mandamus, ¶ 10. He further alleged that the Adam Walsh Act also violates Article I, Section 18 of the Pennsylvania Constitution, Pa. CONST. art. I, § 18, which prohibits a bill of attainder, and that it requires him to rebut the presumption that he was a "sexually violent predator," in violation of his constitutional due process rights. *Id.* ¶ 11. Bell asked the Court to order a reinstatement of his status before the effective date of the Adam Walsh Act. The Board filed an answer and new matter, alleging that Bell failed to state a valid cause of action. Bell's subsequent motion for judgment on the pleadings and the Board's application for summary relief are before the Court for disposition.

An action in mandamus seeks an extraordinary remedy of compelling

2

an official's performance of a ministerial duty. *Cnty. of Dauphin v. City of Harrisburg*, 24 A.3d 1083, 1092 n.12 (Pa. Cmwlth. 2011). A writ of mandamus may be issued only where there is a clear right in the plaintiff, a corresponding duty in the defendant, and a lack of any other appropriate and adequate remedy. *Id.* A motion for judgment on the pleadings may be granted where there are no disputed issues of material fact. *Pfister v. City of Phila.,* 963 A.2d 593, 597 (Pa. Cmwlth. 2009). An application for summary relief may be granted at any time after the filing of a petition for review in an appellate or original jurisdiction matter "if the right of applicant thereto is clear." Rule 1532(b) of the Pennsylvania Rules of Appellate procedure, Pa. R.A.P 1532(b). In order to grant summary relief, there must be no disputed issues of material fact. *W. Penn Allegheny Health Sys. v. Med. Care Availability & Reduction of Error Fund (MCARE)*, 11 A.3d 598, 604 n.9 (Pa. Cmwlth. 2010), *aff'd*, 23 A.3d 1052 (Pa. 2011). Relief sought in an application for summary relief is "similar to the type of relief envisioned by the Pennsylvania Rules of Civil Procedure regarding judgment on the pleadings and peremptory and summary judgment." Note to Pa. R.A.P. 1532.

The Adam Walsh Act was enacted on December 20, 2011, to be effective December 20, 2012, "[t]o bring the Commonwealth into substantial compliance with" the federal Sex Offender Registration and Notification Act, which is part of "the Adam Walsh Child Protection and Safety Act of 2006." Section 9799.10(1) of the Adam Walsh Act, *as amended*, 42 Pa. C.S. § 9799.10(1). The Legislature found that the Act enacted in 1995 and amended in 2000, commonly known as the "Megan's Law," *formerly* 42 Pa. C.S. §§ 9791 - 9799.9, needed to be "strengthened" to substantially comply with the federal Adam Walsh Child Protection and Safety Act of 2006. Section 9799.11(a)(1) and (2) and (b)(1)

3

of the Adam Walsh Act, 42 Pa. C.S. § 9799.11(a)(1) and (2) and (b)(1).  Most provisions of Megan's Law expired on December 20, 2012 pursuant to Section 9799.41 of the Adam Walsh Act, *as amended*, 42 Pa. C.S. § 9799.41.[2]

Under Section 9799.13(2) of the Adam Walsh Act, *as amended*, 42 Pa. C.S. § 9799.13(2), inmates in state or county correctional institutions on or after the effective date of the Adam Walsh Act as a result of a conviction of a "sexually violent offense" must register with the PSP.  A "sexually violent offense" is an offense specified in Section 9799.14 of the Adam Walsh Act, *as amended*, 42 Pa. C.S. § 9799.14, as "a Tier I, Tier II or Tier III sexual offense."  Section 9799.12, *as amended*, 42 Pa. C.S. § 9799.12.  Rape committed by Bell is listed in Section 9799.14(d)(2) as one of Tier III sexual offenses.  Those required to register as a sexually violent offender must provide the information, such as the name, address, telephone number and social security number, for inclusion in the statewide registry of sexual offenders maintained by the PSP.  Section 9799.16(b), *as amended*, 42 Pa. C.S. § 9799.16(b).  A Tier III sexual offender must register for lifetime and appear in person quarterly at an approved registration site to verify the information provided to the PSP and to be photographed.  Section 9799.15(a)(3), *as amended*, 42 Pa. C.S. §§ 9799.15(a)(3), and Section 9799.25(a)(3), *as amended*, 42 Pa. C.S. § 9799.25(a)(3).  Failure to comply with the registration requirements

---

[2] The federal Sex Offender Registration and Notification Act requires individuals convicted of certain sex crimes to provide state governments with information, such as names and current addresses, for inclusion in sexual offender registries and to update the information.  42 U.S.C. §§ 16912-16914 and 16919.  Individuals who are required to register and travel in interstate or foreign commerce without registering or updating the registration information, commit a crime under 18 U.S.C. § 2250(a).  To receive certain federal funding, states must bring their registration and notification systems for sex offenders into compliance with the federal standards.  42 U.S.C. § 16924.

4

constitutes a felony of the first, second or third degree, depending on the Tier assigned to a sexual offense and noncompliance involved. Section 9799.21 of the Act, *as amended*, 42 Pa. C.S. § 9799.21; Section 4915.1 of the Crimes Code, *as amended*, 18 Pa. C.S. § 4915.1.

A statute is presumed to be constitutional unless it clearly, palpably and plainly violates the constitution. *Washington v. Dep't of Pub. Welfare*, 71 A.3d 1070, 1077 (Pa. Cmwlth.), *aff'd*, 76 A.3d 536 (Pa. 2013). A party challenging the constitutionality of a statute has the heavy burden of persuasion to overcome that presumption. *Id.*

Bell first argues that the Adam Walsh Act's registration, verification and counseling requirements violate his constitutional due process rights, relying on *Reynolds v. United States*, ___ U.S.___, 132 S.Ct. 975 (2012), in which the Court considered the applicability of the federal Sex Offender Registration and Notification Act to pre-Act offenders.[3] The Act authorized the United States Attorney General to specify the applicability of the registration requirements to pre-Act offenders. 42 U.S.C. § 16913(d). In February 2007, the Attorney General promulgated an interim rule specifying that the Act's registration requirements applied to pre-Act sex offenders. 28 C.F.R. § 72.3.

The petitioner in *Reynolds* was convicted of a sex offense in Missouri in 2001 and was released in July 2005 after serving a sentence. He registered as a Missouri sex offender and moved to Pennsylvania in September 2007 without

---

[3] According to the Board, "this Court does not have jurisdiction over the State of North Carolina's determination that Bell is required to register as a sex offender." Board's Brief at 9. In so asserting, the Board misconceives Bell's challenge in this action. He is challenging the constitutionality of the Adam Walsh Act requiring him to register with the PSP before he was released from the correctional institution in Pennsylvania. He is not challenging any determination made by North Carolina's officials.

5

updating his Missouri registration information and without registering in Pennsylvania. A federal grand jury indicted him for failing to register and update the registration information. He argued that the Attorney General's interim rule was invalid because it violated the non-delegation doctrine and was not properly adopted in compliance with the procedural requirements. Holding that the Act's registration requirements did not apply to pre-Act offenders until the Attorney General validly specified the applicability of the Act to pre-Act offenders, the Court remanded for a determination of whether the Attorney General's interim rule set forth a valid specification.

The Court's interpretation of the federal statute in *Reynolds* does not support Bell's due process argument. Unlike the federal statute reviewed in *Reynolds*, the applicability of the Pennsylvania's Adam Walsh Act is not dependent upon a valid promulgation of implementing regulations. The Adam Walsh Act's requirements expressly apply to an inmate at a correctional institution on or after its effective date as a result of a conviction of a sexually violent offense. 42 Pa. C.S. § 9799.13(2).

Bell also relies on *Commonwealth v. Williams (Williams I)*, 733 A.2d 593 (Pa. 1999), which considered the constitutionality of the former Megan's Law as enacted in 1995 (Megan's Law I), setting forth procedures for determining whether an individual convicted of a sexually violent offense was "a sexually violent predator." Section 9794(b) of Megan's Law I, *formerly* 42 Pa. C.S. § 9794(b), provided that an offender of certain sex offenses was "presumed" to be a sexually violent predator and that the presumption "may be rebutted by the offender by clear and convincing evidence." Williams argued that the act impermissibly shifted the burden of persuasion to him in violation of his

6

procedural due process rights. Our Supreme Court agreed and struck down the provisions related to sexually violent predators.

Unlike in *Williams I*, Bell was sentenced for his rape conviction in 1990 before the 1995 enactment of Megan's Law and was not classified as a sexually violent predator.[4] The *Williams I* holding, therefore, does not support Bell's due process argument. In any event, the Legislature amended the provisions of Megan's Law I in 2000 following the *Williams I* decision, eliminating the presumption and placing the burden upon the Commonwealth (Megan's Law II). Section 9799.24(e)(3) of the Adam Walsh Act, 42 Pa. C.S. § 9799.24(e)(3), currently provides that "[a]t the hearing prior to sentencing, the court shall determine whether *the Commonwealth* has proved by clear and convincing evidence that the individual is a sexually violent predator." (Emphasis added.)

In his petition for writ of mandamus, Bell argues that the registration, verification and counseling requirements of the Adam Walsh Act and the criminal penalties imposed for failing to comply with those requirements violate the bill of attainder clauses of the United States Constitution and the Pennsylvania Constitution. In support, he asserts that "[t]he legislature has declared that a specific group of persons from Pennsylvania and outside the Commonwealth **will be punished** with a minimum sentence of **Life Probation** and a maximum permissible sentence of **Life incarceration** if at any point during their lives they fail to assist the state in having the police keep them under surveillance." Petition for Writ of Mandamus, ¶ 20 (emphasis in original).

---

[4] An individual convicted of a sex offense is assessed by the State Sexual Offenders Assessment Board before sentencing to determine if the individual should be classified as a sexually violent predator. Section 9799.24(b) of the Adam Walsh Act, 42 Pa. C.S. § 9799.24(b).

Article I, Section 10 of the United States Constitution, U.S. CONST. art. I, § 10, provides that "[n]o State shall … pass any Bill of Attainder …." Article I, Section 18 of the Pennsylvania Constitution provides that "[n]o person shall be attainted of treason or felony by the Legislature." Statutes "that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial are bills of attainder prohibited by the Constitution." *United States v. Brown*, 381 U.S. 437, 448-49 (1965). The bill of attainder clauses are intended "as an implementation of the separation of powers, a general safeguard against legislative exercise of the judicial function, or more simply – trial by legislature." *Id.* at 442.

In *Brown*, the Court held that Section 504 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 504, making it a crime for a Communist Party member to serve as an officer or employee of a labor union, was an unconstitutional bill of attainder. The Court reasoned that the statute did not "set forth a generally applicable rule decreeing that any person who commits certain acts or possesses certain characteristics … shall not hold union office, and leave to courts and juries the job of deciding what persons have committed the specified acts or possess the specified characteristics." *Id.* at 450.

The purposes of the registration and notification requirements are "to promote public safety through a civil, regulatory scheme." *Commonwealth v. Williams*, 832 A.2d 962, 972 (Pa. 2003) (*Williams II*). To enforce the requirements, the Legislature made individuals who fail to comply with the requirements subject to criminal prosecution. Unlike the federal statute involved in *Brown*, Section 4915.1(c) of the Crimes Code sets forth specific elements of the offense and detailed grading of the offense that the Commonwealth must establish

8

at a trial. Hence, Bell's argument that the Adam Walsh Act constitutes an unconstitutional bill of attainder is baseless.[5]

Accordingly, we deny Bell's motion for judgment on the pleadings, grant the Board's application for summary relief, and enter a judgment in favor of the Board and against Bell.

---

[5] In *Williams II*, the Court held that the penalties imposed by the former Megan's Law II for failing to register and verify one's residence, up to a lifetime imprisonment, were unconstitutional because they were manifestly in excess of what is needed to ensure compliance. In this action, Bell does not specifically raise the excessiveness of the penalties imposed by the Adam Walsh Act. This Court will not address an issue which has not been specifically raised because "[i]t is not our role to invent arguments for" him. *Bruce L. Rothrock Charitable Found. v. Zoning Hearing Bd. of Whitehall Twp.*, 651 A.2d 587, 591 n. 9 (Pa. Cmwlth. 1994).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darryl A. Bell,                                      :
                   Petitioner          :
                                 :
              v.                     :     No. 181 M.D. 2013
                                 :
Pennsylvania Board of Probation and  :
Parole,                                              :
                   Respondent         :

**PER CURIAM**                    **O R D E R**

        AND NOW, this 24th day of July, 2014, Petitioner's motion for judgment on the pleadings is DENIED, and Respondent's application for summary relief is GRANTED. A judgment is hereby entered in favor of Respondent and against Petitioner in his petition for writ of mandamus.