# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.S.,                                                :
                                                     :
                              Petitioner             :
                                                     :
                v.                                   :
                                                     : No. 98 M.D. 2021
Pennsylvania State Police, Board                     : Submitted: January 28, 2022
of Probation,                                        :
                                                     :
                              Respondents            :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 11, 2022


Before the Court are the Preliminary Objections (POs)[1] in the nature of
a demurrer of the Pennsylvania State Police (PSP) and the Board of Probation

---

[1] As this Court has recently explained:

> [Pa.R.Civ.P.] 1028(a)(4) provides that a PO may be filed for
> legal insufficiency of a pleading (demurrer) as well as lack of
> jurisdiction or improper service.  In ruling on POs in the nature of a
> demurrer, the Court must accept as true all well-pleaded allegations
> of material fact, as well as inferences deducible therefrom.  *Aviles v.
> Pennsylvania Department of Corrections*, 875 A.2d 1209, 1211 n.3
> (Pa. Cmwlth. 2005).  In addition, courts reviewing POs may also
> consider any documents or exhibits attached to the PFR.  *Lawrence
> v. Pennsylvania Department of Corrections*, 941 A.2d 70, 71
> (Pa. Cmwlth. 2007).  It is not necessary to accept as true any
> averments in the [petition for review] that conflict with exhibits

**(Footnote continued on next page…)**

(Board)[2] (collectively, Respondents) to the Petition for Review (PFR) filed in our original jurisdiction by M.S. (Registrant) seeking declaratory and injunctive relief relating to his registration as a sexual offender under the applicable version of the Sexual Offender Registration and Notification Act (SORNA).[3]  Also before the

> attached to it.  *Id.*  Conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion are not admitted.  *Portalatin v. Pennsylvania Department of Corrections*, 979 A.2d 944, 947 (Pa. Cmwlth. 2009).  A demurrer may be sustained only where it appears with certainty that the law will not permit recovery under the allegations pleaded.  *County of Dauphin v. City of Harrisburg*, 24 A.3d 1083, 1089 (Pa. Cmwlth. 2011).  Any doubt must be resolved in favor of overruling a demurrer.  *Id.*

*Wojnarowski v. Wetzel* (Pa. Cmwlth., No. 440 M.D. 2020, filed December 16, 2021), slip op. at 6.  *See also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008.  Non-precedential decisions . . . may be cited for their persuasive value.").

[2] The correct name of the entity involved in this matter is the Pennsylvania Parole Board.  Section 9799.64 of the Sentencing Code provides:

> The Governor shall direct the [PSP], the Pennsylvania Parole Board, the [State Sexual Offenders Assessment Board], the Department of Corrections, the Department of Transportation and any other agency of this Commonwealth the Governor deems necessary to collaboratively design, develop and implement an integrated and secure system of communication, storage and retrieval of information to assure the timely, accurate and efficient administration of this subchapter.

42 Pa. C.S. §9979.64.

[3] Former Section 9799.10 through 9799.75 of the Sentencing Code, *formerly* 42 Pa. C.S. §§9799.10-9799.75.  In particular, prior to the Act of June 30, 2021, P.L. 260, former Section 9799.54(a)(4) included as those required to register, "[a]n individual who was convicted of an offense similar to an offense set forth in Section 9799.55 under the laws of . . . another state . . .
**(Footnote continued on next page…)**

Court is the Expedited Application for Summary Relief (ASR)[4] filed by Registrant. Upon review, we sustain Respondents' POs; deny Registrant's ASR; and dismiss Registrant's PFR.

As the Pennsylvania Superior Court has observed:

> [Registrant] pled guilty in 2003 to committing a lewd act with a child in South Carolina.[5] The underlying

and who, as of February 21, 2018, has not completed registration requirements." *Formerly* 42 Pa. C.S. §9799.54(a)(4).

[4] Pa.R.A.P. 1532(b) provides that "at any time after the filing of a petition for review . . . , the [C]ourt may[,] on application[,] enter judgment if the right of the applicant . . . is clear." "When ruling on an [ASR], we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018) (internal quotation and citation omitted).

[5] Registrant pleaded guilty to the former South Carolina crime of lewd act upon a minor, South Carolina Code Annotated (S.C. Code Ann.) §16-15-140 (1976), *see* PFR Exhibit A, "an offense now codified in [S.C. Code Ann. §]16-3-655(C)[] as criminal sexual conduct (CSC) with a minor in the third degree." *State v. Mitchell*, 830 S.E.2d 22 (S.C. Ct. App. 2019). In turn, S.C. Code Ann. §23-3-430(A) and (C)(6) states, in relevant part:

> (A) Any person, regardless of age, residing in the State of South Carolina who in this State has . . . pled guilty . . . to an offense described below, . . . shall be required to register pursuant to the provisions of this article. . . .
>
> * * *
>
> (C) For purposes of this article, a person who has . . . pled guilty . . . to . . . any of the following offenses shall be referred to as an offender:
>
> * * *
>
> (6) [CSC] with minors, third degree ([§]16-3-655(C))[.]

**(Footnote continued on next page…)**

sexual offense took place sometime between 2000 and 2001. In 2019, [Registrant] moved to Scranton, Pennsylvania[,] and by his own admission, did not comply with Subchapter I[ of SORNA]'s registration requirements as a [T]ier II sex offender within the requisite time period. *See* 42 Pa. C.S.[]§9799.56(a); *id.* []§9799.55(a). He was charged with a single count of violating [Section 4915.1(a)(2) of the Crimes Code,] 18 Pa. C.S.[] §4915.1(a)(2)[, graded as a second degree felony,] for failing to notify authorities of his address change and to be photographed.

[Registrant] was appointed counsel, but he continued to file documents *pro se*. [Registrant] indicated a desire to proceed *pro se*, but then indicated otherwise in his written waiver of counsel colloquy. The [Lackawanna County Court of Common Pleas (trial court)] ordered counsel of record to remain as counsel in an order filed on September 25, 2020. On November 4, 2020, [Registrant] pled guilty for failing to register as a sex offender pursuant to [Section 4915.1(a)(1) of the Crimes Code,] 18 Pa. C.S.[] §4915.1(a)(1)[,[6] graded as a third degree felony]. However, the [trial] court learned that [Registrant] had mailed a *pro se* notice of appeal from the [trial] court's order denying his request to proceed *pro se*. [Registrant] withdrew the notice of appeal and the [trial] court accepted [Registrant]'s guilty plea. The [trial] court sentenced [Registrant] to 11½ to 23 months' imprisonment.

---

*See also* PFR Exhibit A2 ("Pursuant to [S.C. Section] 23-3-430[], any person who has . . . pled guilty . . . to an offense deemed sexual in nature must register with the Sheriff's Office in their [sic] county of residence. . . . Any person required to register under this program shall be required to register annually for life."); *Powell v. Keel*, 860 S.E.2d 344, 352 (S.C. 2021) ("[W]e hold [that S.C. Code Section 23-3-460's] lifetime registration requirement is unconstitutional absent any opportunity for judicial review to assess the risk of re-offending. . . . We hereby reserve the effective date of this opinion for twelve (12) months from the date of filing [on June 9, 2021,] to allow the General Assembly to correct the deficiency in the statute regarding judicial review.").

[6] The Pennsylvania crime to which Registrant admitted guilt states that "[a]n individual who is subject to registration under 42 Pa. C.S. §9799.13 (relating to applicability) commits an offense if he *knowingly* fails to: . . . register with [PSP] as required under 42 Pa. C.S. §9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and [PSP])[.]" 18 Pa. C.S. §4915.1(a)(1) (emphasis added).

4

*Commonwealth v. Singleton* (Pa. Super., No. 1577 MDA 2020, filed October 15, 2021), slip op. at 2-3 (footnotes omitted).  *See also* Lehigh County Criminal Docket No. CP-35-0001519-2019.[7]

On direct appeal from the judgment of sentence, Registrant alleged, *inter alia*, that the trial court abused its discretion, committed an error of law, and imposed an illegal sentence when it determined that his conviction under SORNA's "punitive registration law did not violate state and federal *ex post facto* laws where the [underlying] sexual offense occurred in South Carolina in 2003 prior to the enactment of Pennsylvania SORNA registration's requirements." *Singleton*, slip op. at 3.  Ultimately the Superior Court rejected Registrant's foregoing appellate claim, and affirmed the judgment of sentence, stating in pertinent part:

> [W]e agree with the trial court, the Commonwealth and [Registrant]'s counsel that [Registrant]'s judgment of sentence for his failure to register did not violate the prohibition against *ex post facto* laws.  There is no dispute that it is Subchapter I of SORNA that applies to [Registrant], as that Subchapter was enacted in 2018 to apply to sexual offenders who, like [Registrant], committed their crimes between April 22, 1996, and December 20, 2012.  As our Supreme Court stated in [*Commonwealth v. Lacombe*, 234 A.3d 602, 615 (Pa. 2020),] the retroactive application of Subchapter I "became the operative version of SORNA for those sexual offenders whose crimes occurred between April 22, 1996, and December 20, 2012." [*Lacombe*] directly addressed

---

[7] Under *Solomon v. United States Healthcare Systems of Pennsylvania, Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002), this Court may take judicial notice of the public docket in Registrant's underlying conviction in the trial court.  *See also* Pa.R.E. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Styers v. Bedford Grange Mutual Insurance Company*, 900 A.2d 895, 899 (Pa. Super. 2006) ("It is appropriate for a court to take judicial notice of a fact which the parties have admitted or which is incorporated into the complaint by reference to a prior court action.") (citation omitted).

the question of whether that retroactive application of Subchapter I constituted a violation of the prohibition against *ex post facto* laws. Our Supreme Court held in no uncertain terms that Subchapter I is nonpunitive and is therefore not an unconstitutional *ex post facto* law. *See id.* at 605-06; 626-27. As such, even if [Registrant]'s challenges are not waived, they necessarily fail under [*Lacombe*].

*Singleton*, slip op. at 5-6 (footnote omitted). *See also Lacombe*, 234 A.3d at 608 n.5 ("[The defendant] additionally claims Subchapter I violates: 1) the separation of powers doctrine[;] 2) due process[;] and 3) double jeopardy protections. . . . Each of these claims, however, is predicated upon [his] argument that Subchapter I is punitive and, given our holding that Subchapter I is nonpunitive, the claims would fail in any event.").

While that direct appeal was pending, Registrant filed the instant PFR, seeking declaratory and injunctive relief[8] to overturn his criminal conviction because: (1) the trial court was without jurisdiction to impose the judgment of sentence and he entered his guilty plea under duress; (2) the former SORNA registration requirement purportedly violates his *ex post facto*, double jeopardy, privileges and immunities, equal protection, and self-incrimination rights, and his right to the effective assistance of counsel; (3) the former SORNA registration

---

[8] We note that "[p]etitions for declaratory judgments are governed by the provisions of the Declaratory Judgments Act, 42 Pa. C.S. §§7531-7541." *Brouillette v. Wolf*, 213 A.3d 341, 357 (Pa. Cmwlth. 2019) (citation omitted). As this Court has observed:

> Declaratory judgments are not obtainable as a matter of right. Rather, whether a court should exercise jurisdiction over a declaratory judgment proceeding is a matter of sound judicial discretion. Thus, the granting of a petition for a declaratory judgment is a matter lying within the sound discretion of a court of original jurisdiction.

*Id.* (citations omitted).

requirement impairs his contract with South Carolina authorities removing the reporting requirement there, and the full faith and credit of the South Carolina agreement; and (4) the former SORNA registration requirement violates his fundamental right to travel. Specifically, Registrant points to Exhibit B appended to the PFR in which the South Carolina court "removed [him] from any electronic monitoring upon his release" from the South Carolina prison, and "allowed [him] to move back to New York." *See* PFR Exhibit B.

However, the Notice of Return of the South Carolina Department of Probation, Parole, and Pardon Services (SCDPP) relating to Global Position Satellite System (GPS) Tracking Program, which Registrant signed, states in pertinent part:

> I understand that I must be monitored with this GPS device for the duration of the time I am required to remain on the South Carolina Sex Offender Registry (unless I am lawfully released from monitoring by the Court of General Sessions), and I understand that I am required to register and remain on the registry while residing in South Carolina. . . .

> * * *

> **If, following my departure, I intend to re-establish residence in the State of South Carolina, or by default I become a resident of South Carolina by remaining in this State for a total of thirty days during any [12]-month period, I must notify the [SCDPP] office in the county of my South Carolina residence within twenty-four hours of becoming a resident and I must report as instructed to resume GPS monitoring.**

PFR Exhibit C2 (emphasis in original). *See also* PFR Exhibit A2 ("Pursuant to [S.C. Code Ann. §] 23-3-430[], any person who has . . . pled guilty . . . to an offense deemed sexual in nature must register with the Sheriff's Office in their [sic] county

of residence. . . . Any person required to register under this program shall be required to register annually for life.").

Thus, contrary to Registrant's faulty assertion, the reporting requirement imposed by the South Carolina court was not permanently removed by its order; rather, this reporting requirement was merely removed for the period of his absence from South Carolina after he moved to New York. *See* PFR Exhibits B and C2. As this Court has recently explained:

> [T]he only applicable part of Section 9799.54 of Subchapter I is paragraph (a)(4) relating to offenses from a different jurisdiction. Therefore, we must examine whether [the p]etitioner had "completed [his] registration requirements" as of February 21, 2018. 42 Pa. C.S. §9799.54(a)(4). Pennsylvania extends full faith and credit to out-of-state registration schemes. *See* 42 Pa. C.S. §9799.56(b)(4) (someone who is convicted in "another state" but resides, is employed, or is a student in the Commonwealth, and is required to register under a sexual offender statute of that state where he was convicted, shall register within three business days of arrival in the Commonwealth). When the Commonwealth considers whether an individual convicted in another state must register as a sex offender, the Commonwealth follows the state of conviction's registration requirements.

*Rivera v. Pennsylvania State Police*, 255 A.3d 677, 683 (Pa. Cmwlth. 2021). Because Registrant did not complete his South Carolina reporting requirement at the time that he moved to Pennsylvania, or at the time that he pleaded guilty to the Pennsylvania charges based on his failure to register, his SORNA registration was not "complete" under former Section 9799.56(b)(4), and he was required under the

former Pennsylvania statute to register while incarcerated, residing, working, or a student in the Commonwealth. *Id.*[9]

Moreover, the instant declaratory judgment action may not be used to collaterally attack the legality of Registrant's Pennsylvania conviction for violating SORNA's reporting requirements. As this Court has explained:

---

[9] Registrant's "right to travel" claim is also without merit. As this Court has stated: "The right to travel embraces at least three different components: 1) the right of a citizen of one State to enter and leave another State, 2) the right to be treated as a welcome visitor rather than an unfriendly alien, and 3) the right to be treated like citizens of that State." *Wert v. Department of Transportation, Bureau of Driver Licensing*, 821 A.2d 182, 188 (Pa. Cmwlth. 2003) (citation omitted). With respect to a similar Florida statute requiring the registration of foreign sex offenders, a federal court of appeals noted:

> Here, [] the [registrants] do not argue that they were treated differently because they were [] new or temporary resident[s] to Florida or that they were not allowed to enter and leave another state. Rather, they argue that it is inconvenient to travel from their permanent residence[s] because the Sex Offender Act[, Fla. Stat. §§943.0435-943.04357 (2021),] requires them to notify Florida law enforcement in person when they change permanent or temporary residences. Though we recognize this requirement is burdensome, we do not hold it is unreasonable by constitutional standards, especially in light of the reasoning behind such registration. The state has a strong interest in preventing future sexual offenses and alerting local law enforcement and citizens to the whereabouts of those that could reoffend. Without such a requirement, sex offenders could legally subvert the purpose of the statute by temporarily traveling to other jurisdictions for long periods of time and committing sex offenses without having to notify law enforcement. The state has drawn a line for temporary and permanent relocation, and we hold this requirement does not unreasonably burden the [registrants'] right to travel.

*Doe v. Moore*, 410 F.3d 1337, 1348-49 (11th Cir. 2005) (footnote omitted). Likewise, in this case, Registrant is not prohibited from entering, residing, working or studying in Pennsylvania. Rather, under the former version of SORNA, Registrant was merely subject to the same reporting requirements that were imposed by the South Carolina court upon his guilty plea to the sexual offense that he perpetrated upon a minor there.

[W]e agree with [the d]efendants that [the p]laintiff may not use a civil action for declaratory judgment in our original jurisdiction to collaterally attack the legality of his criminal proceedings in [the] Bucks County Common Pleas [Court]. *Keller*[ *v. Kinsley*, 609 A.2d 567, 568 (Pa. Super. 1992)]. The [Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§9541-9546,] is the sole means "by which persons convicted of crimes they did not commit and persons serving illegal sentences" may obtain collateral relief. 42 Pa. C.S. §9542. *Keller*. Therefore, [the p]laintiff must raise all his common law constitutional claims against [the d]efendants in his PCRA petition. *Id.*

*Guarrasi v. Scott*, 25 A.3d 394, 402 (Pa. Cmwlth. 2011).[10]

Accordingly, Respondents' POs are sustained; Registrants' ASR is denied; and Registrant's PFR is dismissed.

_____
MICHAEL H. WOJCIK, Judge

---

[10] Finally, to the extent that Registrant seeks an order from this Court restraining Respondents from compelling him to continue his registration under the former version of SORNA, his claim is now moot. *See, e.g.*, *Department of Public Welfare v. Kallinger*, 615 A.2d 730 (Pa. 1990) ("AND NOW, . . . the Court, *sua sponte*, dismisses this appeal as moot."). On June 7, 2021, Registrant notified this Court that his mailing address has changed to a street address in Far Rockaway, Queens, New York 11691, which was enclosed in an envelope bearing a New York postmark. On July 26, 2021, Registrant filed a Motion to Compel Respondents to serve him with all future filings in this Court at the New York address, which again was enclosed in an envelope bearing a New York postmark. In the absence of any indication that Registrant is incarcerated, residing, working, or a student in Pennsylvania, he is no longer subject to SORNA's reporting requirements and cannot obtain the requested declaratory or injunctive relief. *See* Former SORNA Section 9799.13(1), (1.2), (2), (7), and (7.2), *formerly* 42 Pa. C.S. §9799.13(1), (1.2), (2), (7), and (7.2).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M.S.,                                          :
                                               :
              Petitioner                       :
                                               :
       v.                                      :
                                               : No. 98 M.D. 2021
Pennsylvania State Police, Board               : Submitted:  January 28, 2022
of Probation,                                  :
                                               :
              Respondents                      :


# **O R D E R**


AND NOW, this 11<u>th</u> day of <u>April</u>, 2022, the Preliminary Objections of the Pennsylvania State Police and the Board of Probation and Parole are SUSTAINED; the Application for Expedited Summary Relief filed by M.S. is DENIED; and the Petition for Review in the nature of a "1532(b) Motion for Injunction" and "Declaratory Judgment of Enjoinment" is DISMISSED.


_____
MICHAEL H. WOJCIK, Judge