**Michael Steven KREAMER, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 19, 2003.

Decided Oct. 27, 2003.

---

Michael S. Kreamer, petitioner, pro se.

Timothy A. Holmes, Camp Hill, for respondent.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The Department of Corrections (Department) has filed preliminary objections to the petition for review (Petition) filed by Michael Steven Kreamer (Kreamer) in this court's original jurisdiction. Kreamer has filed an answer to the preliminary objections, and the matter is now ripe for disposition. Because we must accept the well-pleaded allegations of Kreamer's Petition as true, we overrule the preliminary objections.

On January 14, 2002, the Court of Common Pleas of Northumberland County (Northumberland County Court) sentenced Kreamer to a prison term of forty-eight hours to twelve months for DUI. (Petition, Ex. 3.) The court order stated, "The defendant shall be PAROLED from the Northumberland County Prison as soon after he completes his minimum sentence[] as i[s] administratively possible, unless he commits a serious violation . . . while confined." (Petition, Ex. 3.) Kreamer alleges that he was paroled after forty-eight hours; however, the Department's records indicate that Kreamer was not paroled until June 20, 2002. (Petition, Ex. 7 & Ex. 8.)

On May 30, 2002, the Snyder County Branch of the Court of Common Pleas of the 17th Judicial District (the Snyder County Court) sentenced Kreamer to consecutive prison terms of: (1) four months to two years for DUI, with *seven months and twenty-seven days* credit; (2) one to two years for simple assault; and (3) one and a half years to five years for criminal conspiracy to commit burglary, with credit for four days. (Petition, Ex. 1, 2, 4, 8.) The total sentence received was a minimum of two years and ten months to a maximum of nine years. (Petition, Ex. 8.)

With respect to the Snyder County DUI sentence, the Department did *not* give Kreamer credit for the full seven months and twenty-seven days. The Department gave Kreamer credit for three months and eleven days, the time he served from October 3, 2001, to January 14, 2002. (Petition, Ex. 8.) The Department did *not* give Kreamer credit for the time he served from January 14, 2002, to May 30, 2002, the remaining four months and sixteen days of the seven months and twenty-seven days credit he was to receive under the Snyder County Court's sentencing order.

Apparently, the Department did not give Kreamer credit for the time served from January 14, 2002, to May 30, 2002, because the Department believed that Kreamer still was serving his Northumberland County sentence during that period of time. In his Petition, Kreamer disputes that, asserting that he was paroled from the Northumberland County sentence within forty-eight hours of the January 14, 2002, sentencing, i.e., on January 16, 2002. Thus, Kreamer contends that he was being held on the Snyder County charges from January 16, 2002, to May 30, 2002, and the Department should credit his Snyder County sentence for that period of time.

On March 31, 2003, Kreamer filed his Petition, alleging that the Department failed to give him the seven months and twenty-seven days credit required by the Snyder County Court on the DUI sentence. Kreamer seeks a hearing to resolve the disputed facts, an order directing the Department to give him proper credit, $10,000 in damages, court costs, attorney fees and such other relief as this court deems right, just and equitable. The Department's preliminary objections are in the nature of a demurrer.

In ruling upon a preliminary objection in the nature of a demurrer, we must accept as true all well-pleaded allegations of ma-

terial fact and all inferences reasonably deducible from them.[1] *Myers v. Ridge,* 712 A.2d 791 (Pa.Cmwlth.1998), *appeal denied,* 560 Pa. 677, 742 A.2d 173 (1999). Thus, here, we must accept Kreamer's allegation that he was paroled from the Northumberland County sentence after forty-eight hours on January 16, 2002. This means that Kreamer would be entitled to an order directing the Department to give Kreamer credit on the Snyder County DUI sentence for the period from January 16, 2002, to May 30, 2002.

Accordingly, we overrule the Department's preliminary objections.

1. Of course, if the Department had filed a motion for summary judgment and presented evidence that Kreamer was paroled on June 20, 2002, instead of January 16, 2002, then Kreamer could not rely on a mere allegation but would be required to present evidence in opposition to the Department's evidence. Pa. R.C.P. No. 1035.3(a).

*ORDER*

AND NOW, this 27th day of October, 2003, it is ordered that the preliminary objections in the nature of a demurrer, filed by the Department of Corrections, are hereby overruled. The Department of Corrections shall file an answer to the petition for review within thirty (30) days of the date of this Order.