Jerome SILO, Petitioner

v.

COMMONWEALTH of Pennsylvania and PA. Dept. of Aging and PA. Long Term Care Ombudsman, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 28, 2005.

Decided Nov. 23, 2005.

Jerome Silo, petitioner, pro se.

Anna Marie Borro, Asst. General Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

Before the court are the Department of Aging's preliminary objections to Jerome Silo's petition for review in the nature of mandamus filed in this court's original jurisdiction in which he alleges that he requested and was refused Long–Term Care Ombudsman Services and that the Department of Aging is in violation of the Americans with Disabilities Act (ADA)[1] for refusing said services.[2]

The State Long–Term Care Ombudsman Program was created pursuant to Section 2203–A(a)(24.2) of The Administrative Code[3] and Section 712 of the Older Americans Act, 42 U.S.C. § 3058g. The function of the ombudsman is, inter alia, to identify, investigate, and resolve complaints made by or on behalf of older individuals who reside in long-term care facilities (termed "residents") that relate to providers of long-term care services, public agencies, or health and social service agencies; to assist residents in protecting their own health, safety, welfare, and rights; to inform residents about the means of obtaining services; to ensure that residents have regular and timely access to services, and to represent residents' interests before governmental agencies and seek administrative, legal, and other remedies to protect residents' health, safety, welfare, and rights. 42 U.S.C. § 3058g(a)(3). "Long term care facility" means any skilled nursing facility, nursing facility, board and care facility, and similar adult care home. 42 U.S.C. § 3002(32).

Under the law of the Commonwealth, the Administrative Code defines "long-term care" as "those services designed to provide diagnostic, therapeutic, rehabilitative, supportive or maintenance services for individuals who have chronic functional impairments in a variety of institutional and noninstitutional care settings, including the home." Section 2202–A, 71 P.S. § 581–2. Pa.Code Chapter 11, which pertains to older adult daily living centers, defines "long-term care ombudsman" as "[a]n agent of the Department who investigates and seeks to resolve complaints made by or on behalf of older individuals who are consumers of long-term care services." 6 Pa.Code § 11.3.

Silo resides at SCI Laurel Highlands, a specialized correctional institution designed to provide long-term care to elderly and seriously ill inmates.[4] Silo alleges that institutionalized, vulnerable, and disabled inmates in long-term care are entitled to mandatory access to long-term care ombudsman services and that the refusal of ombudsman services is discrimination

**1.** 42 U.S.C. § 12131 et seq. Title II of the ADA prohibits a public agency from discriminating against a qualified individual with a disability, by reason of said disability and prohibits excluding said individual from participation in or denying the benefits of the services programs, or activities of the public entity. 42 U.S.C. § 12132.

**2.** Respondent filed its brief in support of preliminary objections on September 22, 2005. Despite an extension of time to file his brief until November 28, 2005. Subsequently the Court received correspondence from Silo in which he indicated that the court could rule on the basis of respondent's brief alone. The Court then issued an order treating said correspondence as a waiver of his right to file a brief in opposition and informing the parties that the court would rule on the preliminary objections accordingly.

**3.** Act of April 29, 1929, P.L. 177, *as amended,* added by Section 6 of the Act of June 20, 1978, 71 P.S. § 581–3(a)(24.2).

**4.** Department of Corrections Health Care Services program, www.cor.state.pa.us.

against the protected class of ADA-covered long-term care residents. He cites *Olmstead v. L.C.*, 527 U.S. 581, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999), and *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998) (state correctional institution qualifies as a public entity under Title II of the ADA), in support of his petition for review. Silo seeks a declaration that the refusal of long-term ombudsman services constitutes discrimination within the meaning of the ADA and an order directing the Department of Aging to establish a program to provide him and similarly situated inmates with ombudsman services.

■ The Department of Aging objects that Silo has failed to state a claim for which relief may be granted. In ruling on a demurrer, we must consider as true all well-pleaded material facts set forth in the petition for review and all reasonable inferences that may be drawn from those facts. *Kreamer v. Department of Corrections*, 834 A.2d 710 (Pa.Cmwlth.2003). Preliminary objections should be sustained only in cases in which it is clear and free from doubt that the facts plead are legally insufficient to establish a right to relief. *Werner v. Zazyczny*, 545 Pa. 570, 681 A.2d 1331 (1996). A writ of mandamus is an extraordinary remedy that may be issued to compel the performance of a ministerial act or mandatory duty only when a clear legal right exists in the plaintiff, a corresponding duty exists in the defendant, and no other appropriate and adequate remedy is available. *Williams v. Worley*, 847 A.2d 134 (Pa.Cmwlth.2004). The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. *Africa v. Horn*, 701 A.2d 273 (Pa.Cmwlth.1997).

■ We agree with the Department of Aging that as an inmate incarcerated in the long-term care component of a specialized correctional institution, Silo does not fall within the statutorily defined class of persons the ombudsman is designated to serve. He is not a "resident" of a skilled nursing facility, nursing facility, board and care facility, or similar adult care home and is not a consumer of long-term care services within the meaning of the Older Americans Act or the Administrative Code. The Commonwealth's responsibilities under the Older Americans Act is to

> proactively carry out a wide range of functions ... designed to lead to the development or enhancement of comprehensive and coordinated community based systems in, or serving, communities throughout the State. These systems shall be designed to assist older persons in leading independent, meaningful and dignified lives in their own homes and communities as long as possible.

45 C.F.R. § 1321.7(a). As an inmate of a state correctional institution, Silo is not the intended beneficiary of the services designed to serve older persons in the community. As an inmate, Silo is subject to Department of Corrections policies with respect to all aspects of his health, safety, and welfare; he is not a consumer of community based care and services.

Because we conclude that Silo does not fall within the statutorily defined class of persons the ombudsman is designated to serve, he has failed to state a claim in mandamus against the Department of Aging and he fails to state a claim that the Department of Aging's denial of ombudsman services constituted discrimination within the meaning of the ADA. The Department of Aging's demurrer is sustained, and the petition for review is dismissed.

## *O R D E R*

AND NOW, this 23rd day of November 2005, respondents' preliminary objection is sustained, and the petition for review is dismissed.

Petitioner's motion for summary judgment is dismissed as moot.