**Ramon B. ROSARIO, Petitioner**

v.

**Jeffrey A. BEARD, Secretary Pennsylvania Department of Corrections, Gerald Rozum, Superintendent SCI–Somerset, et al., Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 29, 2006.

Decided March 14, 2007.

---

5. The Third Class City Code, Act of June 23, 1931, P.L. 932, *as amended*, 53 P.S. §§ 35101–39701.

No appearance entered on behalf of petitioner.

Debra Sue Rand, Asst. Counsel and Barbara Adams, General Counsel, Camp Hill, for respondents.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Addressed to this court's original jurisdiction is a petition for review[1] filed, *pro se,* by Ramon Rosario against Jeffrey A. Beard, Secretary of the Pennsylvania Department of Corrections (Department), and Gerald Rozum, Superintendent of the State Correctional Institution at Somerset (SCI–Somerset) (collectively Respondents). Rosario seeks to require Respondents to cease taking money out of his inmate account and to hold a hearing regarding how much money he can pay, if any, toward his child support obligation. Respondents have filed preliminary objections in the nature of a demurrer in response to Rosario's petition.

Rosario is an inmate at SCI–Somerset. In his petition, Rosario avers that he makes approximately $24 per month and that Respondents are currently making a 50% deduction from his inmate account. Rosario avers that this has created a significant financial hardship for him and he requests that this Court direct Respondents to cease all deductions from his inmate account and to schedule a hearing to determine what, if anything, he can afford to pay.

Rosario has attached to his petition an April 25, 2006, order from the Domestic Relations Section of the Lancaster County Court ordering "SCI–Somerset—Inmate Accounts" as an "Employer/Withholder" to deduct $194.74 per month from Rosario's inmate account in order to satisfy his child support obligation and to forward the payment to the Pennsylvania State Collections and Disbursement Unit. Petition for Review, Appendix B, at 1. The order states that "[b]y law, you are required to deduct these amounts from the above-named employee's/obligor's income until further notice." *Id.* The order also states that SCI–Somerset must withhold the money and that it is entitled to deduct a fee to defray the cost of withholding. However, the order explains that the "total withheld amount, and your fee, cannot exceed 55% of the employee's/obligor's aggregate disposable weekly earnings." *Id.* The order further warns that "[i]f you fail to withhold income as the Order/Notice directs, you are liable for both the accumulated amount you should have withheld from the employee/obligor's income and other penalties set by Pennsylvania State law." *Id.* at 2.

Rosario has attached to his petition a letter from the Department that provides in relevant part:

Effective immediately, per the attached Court Order, we will be assessing your account each month, for the Child Support you are obligated to pay. The assessment for Child Support will only be based on the payroll that is earned at SCI–Somerset.

This money will be collected, in addition to any other debts that you are responsible for. For example, if you owe Act 84, we will take 20% for the Act 84 and then an additional 30% for your child support,

---

1. Rosario titled his filing "Petition for Writ of Mandamus." By order dated May 25, 2006, this Court allowed Rosario to proceed *in forma pauperis* and directed that his filing be treated as a petition for review addressed to this Court's original jurisdiction. We shall refer to his petition in this opinion as a Petition for Review.

provided you have $10.00 or more in your account. If you do not owe any other debts, we will deduct 50% of your payroll for your Child Support, but we will not exceed the amount ordered on the attached Child Support Order.

Petition for Review, Appendix A.

■ Rosario argues that Respondents have "illegally and without right or basis in law, deducted 50% from [Rosario's] inmate account each month based upon an order for support." Memorandum of Law in Support of Petition for Review, at 3. He asserts that Respondents are entitled to make deductions from his inmate account, but only pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5), commonly referred to as Act 84.[2] Accordingly, such deductions must be made in connection with a court order that was part of the criminal proceeding that led to his incarceration. Rosario argues that because the deductions in this case are being made pursuant to a civil support order, they are not authorized under 42 Pa.C.S. § 9728(b)(5). In support, Rosario cites *Vega v. Beard,* 847 A.2d 153, 156 (Pa.Cmwlth.2004), wherein this Court held that "[d]eductions cannot be made from an inmate's account, under Section 9728(b)(5),

pursuant to a court order that is not part of a criminal proceeding."[3]

■ Rosario has titled his petition as a mandamus action, but he also refers to injunctive relief. The standards for mandamus and injunctive relief are similar in many important respects. A party seeking an injunction must establish that (1) the right to relief is clear, (2) there is an urgent necessity to avoid an injury which cannot be compensated for by damages, and (3) the greater injury will result from refusing rather than granting the relief requested. *Singleton v. Lavan,* 834 A.2d 672, 674 (Pa.Cmwlth.2003). Similarly, mandamus is an extraordinary writ, designed to compel a public official's performance of a ministerial act, and may issue only where (1) the petitioner has a clear legal right to enforce the performance of an act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate and appropriate remedy. *Silo v. Commonwealth,* 886 A.2d 1193, 1195 (Pa. Cmwlth.2005). Whether a petitioner seeks a writ of mandamus or an injunction, "his threshold burden is to establish a clear legal right to relief." *Garber v. Department of Corrections,* 851 A.2d 222, 225 (Pa.Cmwlth.2004). For the reasons set

**2.** This section provides:
§ 9728. Collection of restitution, reparation, fees, costs, fines and penalties

\* \* \*

(b) Procedure.——

\* \* \*

(5) The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted ... to the probation department of the county or other agent designated by the county

commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.
42 Pa.C.S. § 9728(b)(5).

**3.** Respondents object to Rosario's reference to *Vega* because it is contained only in the "memorandum of law" attached to his petition, but not in the petition itself. We point out that the "allegations of a *pro se* complainant are held to a less stringent standard than that applied to pleadings filed by attorneys." *Danysh v. Department of Corrections,* 845 A.2d 260, 262–263 (Pa.Cmwlth.2004).

forth below, we hold that Rosario cannot satisfy this threshold burden.

■ In their preliminary objections, Respondents assert that Rosario's petition does not state a cause of action. Respondents maintain that they are not taking deductions from Rosario's inmate account for child support pursuant to the requirements of Act 84 but, rather, pursuant to a civil support order issued under Section 4348 of the Domestic Relations Code.[4] Further, Respondents are calculating the actual amount of the deductions using DC–ADM 005[5] rather than the amount specified in the withholding order so that a certain amount of money remains in Rosario's account. We agree with Respondents that Rosario has failed to state a cause of action.[6]

■ Rosario does not allege that the support order is unlawful or that he is not responsible for paying child support. He also does not assert that SCI–Somerset, in its capacity as his employer, is not required to comply with the court order. While Rosario is correct that deductions made pursuant to Act 84 must be made in connection with a court order that is part of a criminal proceeding, Act 84 is irrelevant here. Based on Rosario's own factual allegations, Respondents are complying with a court order directing them to make deductions from Rosario's earnings for his child support obligation in their capacity as Rosario's employer. The deductions are limited to Rosario's earnings at SCI–Somerset[7] and do not exceed 55% of Rosario's disposable weekly earnings, as required by the Domestic Relations Code. In this case, SCI–Somerset has been identified by the

**4.** This section provides in relevant part:

§ 4348.   Attachment of income
\* \* \*

(b) Future orders.——All orders of support entered or modified on or after July 1, 1990, shall, as part of the order, provide for the mandatory attachment of income unless:
(1) the obligor is not in arrears in payment in an amount equal to or greater of one month's support obligation; and
(2)(i) one of the parties demonstrates, and the court finds, that there is good cause not to require immediate income withholding; or
(ii) a written agreement is reached between the parties which provides for an alternative arrangement.
23 Pa.C.S. § 4348.
Section 4302 of the Domestic Relations Code defines "income" to include "compensation for services including, but not limited to, wages, salaries ..." and also "any form of payment due and collectible by an individual regardless of source."   23 Pa.C.S. § 4302.

**5.** Policy Statement DC–ADM 005, entitled "Collection of Inmate Debts," contains the guidelines required to be developed by 42 Pa.C.S. § 9728(b)(5).   Section VI.F.1 of the policy provides that "collection of child sup-

port payments shall be in accordance with Section VI.I of this policy." Respondents' Brief, Appendix B, at 7. Section VI.I.1 provides that "if an inmate owes any money as described in this policy, a maximum of 50% shall be collected to satisfy the debts, provided the inmate's account balance exceeds $10.00." Respondents' Brief, Appendix B, at 8.

**6.** Preliminary objections in the nature of a demurrer are deemed to admit all well-pleaded material facts and any inferences reasonably deduced therefrom, but not the complaint's legal conclusions and averments. *Danysh v. Department of Corrections*, 845 A.2d 260, 262 (Pa.Cmwlth.2004). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Newsuan v. Department of Corrections*, 853 A.2d 409, 411 (Pa.Cmwlth.2004).

**7.** On the other hand, Act 84 allows the Department to make deductions from all money in an inmate's account, regardless of whether the source was the inmate's earned income or gifts from friends or family. *Danysh v. Department of Corrections*, 845 A.2d 260, 263 (Pa.Cmwlth.2004).

trial court as the "Employer/Withholder," and in that capacity SCI–Somerset must make deductions from Rosario's earnings and apply that amount to his support obligation.

There is also no indication that Respondents are required to hold a hearing to determine how much, if anything, Rosario is capable of paying toward his child support obligation. The court order and the Domestic Relations Code contain no such requirement.

In short, Rosario has failed to establish a legal right to compel Respondents to cease withdrawing earnings from his inmate account in compliance with the court order or to hold a hearing to determine what, if anything, he can afford to pay. The preliminary objections of Respondents are sustained and Rosario's petition for review is dismissed.

### ORDER

AND NOW, this 14th day of March, 2007, Respondents' preliminary objections are sustained and the petition for review filed by Ramon Rosario is hereby dismissed.