J-S84036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERNEST R. WHOLAVER, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF | : | No. 1169 MDA 2017 |
| PENNSYLVANIA, GOVERNOR TOM | : | |
| WOLF, MIDDLETOWN POLICE | : | |
| DEPARTMENT, CHIEF JOHN T. BEY, | : | |
| DAUPHIN COUNTY SHERIFF'S | : | |
| OFFICE, NICHOLAS CHIMIENTI, JR., | : | |
| AND DAUPHIN COUNTY DISTRICT | : | |
| ATTORNEY'S OFFICE, EDWARD M. | : | |
| MARSICO, JR. | : | |

Appeal from the Order Entered June 21, 2017
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2016-CV-8172-CV

BEFORE: SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 10, 2018**

Ernest R. Wholaver, Jr., appeals *pro se* from the order entered in the Court of Common Pleas of Dauphin County, denying his *pro se* petition for mandamus, the aim of which was to expunge from his criminal record certain sexual crimes of which he had been acquitted. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm based on the sound reasoning of the trial court in its Opinion, dated June 22, 2017.

This is a frivolous appeal. Wholaver was convicted of the first-degree murders of his wife, Jean, and daughters, Victoria and Elizabeth, and was sentenced to death. Our Supreme Court affirmed the sentences in 2006, and it appears Wholaver remains under the sentence of death. Prior to the murder charges, Wholaver had been charged with sexual assault against the two daughters he murdered. Wholaver was acquitted of the sexual assault crimes.

In 2012, Wholaver filed a petition for expungement of the sexual crimes, asserting he was entitled expungement due to his acquittal of those charges. The trial court denied Wholaver's petition[1] and the Superior Court affirmed that order on January 10, 2014.[2] Essentially, the trial court determined, and a panel of our Court agreed, that sexual crimes against the children were inextricably intertwined with the murders of those children and their mother. Therefore, pursuant to **Commonwealth v. Rodland**, 871 A.2d 216 (Pa. Super. 2005), Wholaver's claim failed. **See Wholaver**, 2014 WL 10999137 at *4-5.

In 2016, Wholaver filed the instant mandamus, seeking to compel the Middletown Police Department, Dauphin County Sheriff's Office, and the Dauphin County District Attorney's Office to expunge the same charges that were the subject of Wholaver's 2012 petition. Here, the trial court correctly

---

[1] **See** Memorandum Opinion and Order, 1/13/2013.

[2] **See Commonwealth v. Wholaver, Jr.**, 96 A.3d 1079 (Pa. Super. January 10, 2014) (unpublished memorandum). For text, **see Commonwealth v. Wholaver**, 2014 WL 10999137.

determined that this action is nothing more than the 2012 action recast as a mandamus action. Wholaver was not entitled to relief on his initial action and is not entitled to relief now.

> Our scope of review in a mandamus action is limited to determining whether the trial court abused its discretion, committed an error of law or whether sufficient evidence exists to support the findings. ***Orange Stones Co. v. City of Reading, Zoning Hearing Board***, 32 A.3d 287, 289 (Pa. Cmwlth. 2011). As to questions of law our scope of review is plenary. ***Crozer Chester Medical Center v. Department of Labor and Industry, Bureau of Workers' Compensation***, 610 Pa. 459, 466, 22 A.3d 189, 194 (2011). Our standard of review of a trial court's grant of mandamus is *de novo.* ***Id.***

***County of Carbon, v. Panther Valley School District***, 61 A.3d 326, 331 n. 3 (Pa. Cmwlth. 2013).

We have reviewed the trial court's decision and discern no abuse of discretion nor error of law. Accordingly, we affirm. The parties are directed to attach a copy of the trial court's opinion dated June 22, 2017, in the event of further proceedings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2018

- 3 -

ERNEST WHOLAVER : IN THE COURT OF COMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA

      Plaintiff :
      v. : NO. 2016 CV 8172
:
: CIVIL    **EXHIBIT-(B)**

MIDDLETOWN POLICE DEPARTMENT :
ET AL. :
:
      Defendant :

2017 JUN 22 PM 2:23
DAUPHIN COUNTY PENNA
RECEIVED OFFICE OF PROTHONOTARY

## MEMORANDUM OPINION
## AND ORDER

The within matter come before the Court on the Motions of Defendants Middletown Police

Department, Dauphin County Sherriff's Office and the Dauphin County District Attorney's

Office (collectively, "Defendants") to Dismiss Plaintiff's Complaint. For the reasons set forth,

we **GRANT** Defendants' Motions.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

On August 30, 2004, a jury convicted Ernest Wholaver of the December 24, 2002 murders of

his wife, Jean A. Wholaver and daughters Victoria and Elizabeth Wholaver. [1] The jury further

found Plaintiff guilty of Recklessly Endangering Madison Wholaver, the young daughter of

Victoria Wholaver. Madison Wholaver, in the home at the time, was the lone survivor of the

murders.

---

[1] The jury also convicted Defendant of Burglary, Criminal Conspiracy, Criminal Solicitation and Obstructing the
Administration of Law or Other Government Function.

1

Prior to the murders, Wholaver faced charges of sexual abuse of his daughters. Before the trial on those charges, he murdered his wife and daughters, who would have testified against him on the sexual assault charges. Because no witnesses survived, Wholaver was acquitted of charges at Docket 2688 CR 2002.[2]

On August 31, 2004, the Court imposed sentences of death on the murder convictions and concurrent sentences of imprisonment on the remaining charges. On August 22, 2006, the Pennsylvania Supreme Court affirmed the sentences.

On September 17, 2016, Wholaver[3] filed in the Commonwealth Court a *pro se* Petition for Review Complaint in Mandamus against the Middletown Police Department, Dauphin County Sherriff's Office and Dauphin County District Attorney's Office seeking to compel those Defendants to expunge the sexual assault charges at Docket 2688 CR 2002. On October 3, 2016, the Commonwealth Court transferred the matter to the Dauphin County Court of Common Pleas.[4] Plaintiff appealed the Commonwealth Court's Order. The Pennsylvania Supreme Court quashed the appeal by Order of April 28, 2017.

Following transfer of the case to the within docket, on December 5, 2016, Defendant Middletown Police Department filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Pa.R.Civ. P. 233.1 as Frivolous Litigation and Brief in Support Thereof. Plaintiff filed an Answer on December 28, 2016.

---

[2] At Docket No. 3688 CR 2002, the Commonwealth charged Wholaver with: Rape by Threat of Forcible Compulsion; Rape of a Person Less Than 13 years Old; Criminal Attempt; Involuntary Deviate Sexual Intercourse By Threat of Forcible Compulsion; Aggravated Indecent Assault; Aggravated Indecent Assault of a Person Less Than 13 Years Old; Aggravated Assault of a Person Less Than 16 Years Old; Sexual Assault; Statutory Sexual Assault; Indecent Assault; Indecent Assault; Indecent Assault of A Person Less Than 13 Years Old; Indecent Assault of A Person Less Than 16 Years Old.

[3] For purposes of the instant civil action we refer to Wholaver as "Plaintiff".

2

On January 4, 2017, Defendants Dauphin County Sheriff's Office and Dauphin County District Attorney's Office filed a Motion to Dismiss Plaintiff's Complaint and Brief in Support Thereof, to which Plaintiff filed an Answer on January 18, 2017.

## DISCUSSION

Plaintiff fails to establish a right to mandamus to enforce a frivolous request for expungement previously denied.

A complaint in mandamus is "an adequate legal remedy extraordinary writ designed to compel a public official's performance of a ministerial act, and may be issued only where (1) the petitioner has a clear right to enforce the performance of an act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate and appropriate remedy". *Rosario v. Beard*, 920 A.2d 931, 934 (2007) citing *Silo v. Commonwealth*, 886 A.2d 1193, 1195 (Pa. Cmwlth. 2005). A petitioner bears the "threshold burden to establish a clear right to relief." *Rosario*, 934.

Plaintiff cannot establish a right to the requested relief. This Court denied Plaintiff's identical expungement claim in a prior action. On December 14, 2012, Plaintiff filed a Petition for Expungement of the sexual assault charges, asserting that he was acquitted of those charges. We denied Plaintiff's Petition by Memorandum Opinion and Order filed January 13, 2013. Plaintiff appealed. The Superior Court affirmed the denial on January 14, 2014. In adopting this Court's reasoning, the Superior Court stated,

> [Wholaver] was accused of sexually molesting his daughters and he was found guilty beyond a reasonable doubt of subsequently killing his daughters and their mother prior to trial on the crimes relating to the sexual offenses. Appellant was then acquitted, due in no small part, to the fact that he murdered the only witnesses to the sexual offense. As the

3

Commonwealth points out, the evidence of the sexual crimes is inextricably tied to the murders. Appellant is entitled to no relief regarding denial of his petition for expungement.

(Superior Court Memorandum Opinion and Order, January 10, 2014, p. 11)(Internal citations omitted).

Plaintiff may not compel Defendants to act upon a right which he does not possess. Accordingly, Defendant Dauphin County Sheriff's Office and Dauphin County District Attorney's Office correctly assert that Plaintiff fails to plead an essential element of a mandamus claim.

Next, Defendant Middletown Police Department correctly relies upon Pennsylvania Rule of Civil Procedure 233.1 as grounds for dismissal of Plaintiff's Complaint as frivolous litigation. Rule 233.1 provides, in relevant part:

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that: 1) the *pro se* plaintiff is alleging the same or related claims that were raised in a prior action against the same or related defendants; and 2) these claims have already been resolved pursuant to a settlement agreement or court proceeding.

Pa.R.Civ. P. 233.1.

Our Superior Court has explained that the Supreme Court promulgated Rule 233.1 to "stem a noted increase in serial lawsuits of dubious merit filed by *pro se* litigants disaffected by prior failures..." *Gary v. Buonopane*, 53 A.3d 829, 834 (2012).

Plaintiff now attempts to re-style his previously denied claim in the form of an action against the same or related defendants. Rule 233.1 does not require that the complaint name the same defendants, but requires only that the named defendants be related in such a manner as to "inform the trial court, in the exercise of its discretion, whether the plaintiff's claim has in fact been fully considered and resolved." *Id*.

4

Here, all of the within named defendants relate to the prior action for purposes of Rule 233.1. The Dauphin County District Attorney's Office was the interested party to the 2012 Petition for Expungement of Records. The Middletown Police Department and Dauphin County Sherriff's Office are related in that those departments could expunge records only upon a court order. *See, generally,* Pa. R. Crim. P. 790. Plaintiff's claim was decided in a prior action against the same or related defendants and is therefore frivolous.

For all of the foregoing reasons we enter the following:

## ORDER

AND NOW, this _21st_ day of June, 2017 it is hereby **ORDERED** that:

1. The Motion of the Dauphin County Sheriff's Office and District Attorney's Office to Dismiss Plaintiff's Complaint is **GRANTED**.

2. The Motion of the Middletown Police Department to Dismiss Plaintiff's Complaint Pursuant to Pa.R. Civ.P. 233.1 as Frivolous Litigation is **GRANTED**.

BY THE COURT:

JOHN F. CHERRY, JUDGE

Distribution on following page:

Frank J. Lavery, Jr., Esq.,
Sunshine J. Thomas, Esq.,

JUN 2 2 2017
I hereby certify that the foregoing is a true and correct copy of the original filed.

Prothonotary

5