IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown, : 
          Petitioner : 
           : 
          v. : No. 295 M.D. 2017
           : Submitted: March 23, 2018
PA Dept. of Education, : 
          Respondent : 


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI            FILED: April 11, 2018

Before us are the preliminary objections of the Pennsylvania Department of Education (Department) to Alton D. Brown's (Brown) *pro se* petition for review (Petition) seeking an order requiring the Department to provide Brown with complete access to all materials in the State Library of Pennsylvania (State Library) as well as incidental damages. For the following reasons, we sustain the Department's preliminary objections in the nature of a demurrer and dismiss Brown's Petition.


**I.**

Brown is an inmate currently incarcerated at the State Correctional Institution at Fayette (SCI-Fayette),[1] a facility within the Commonwealth's

---

[1] While Brown was incarcerated at the State Correctional Institution at Greene when he filed his Petition, he was later transferred to SCI-Fayette.

Department of Corrections (DOC). On or about January 26, 2017, he submitted written correspondence to the attention of the State Library with a single inquiry, "Please let me know whether or not I can purchase information from your Databases via mail?" (Department's Preliminary Objections, Appendix B.) He made a second inquiry on May 1, 2017,

> [R]equesting information with regards to purchasing legal and medical information from the State Library, via the mail. Although I am a prisoner, I write as a citizen of Pennsylvania and seek the same services and respect generally offered to the public.
>
> I do not have any funds in my prison account and therefore cannot conduct any business with you through the prison library.
>
> I am trying to protect my health and regain my freedom, and, your continuous refusal to provide me access to the information that is readily available to the general public is causing me damages.

(*Id.*, Appendix C) (emphasis in original).

Each time Brown submitted an inquiry, the State Library responded, "[W]e do not send materials directly to individuals nor answer specific reference questions. Please direct your requests or questions to your institution. For further clarification of this procedure, please contact your [correctional] librarian, who will consult with this library if necessary." (Brown's Petition at ¶ 6.) It further provided: "We will no longer send books. If photocopies are requested via interlibrary loan we will charge the inmates for these copies." (*Id.*)

Brown then filed his Petition naming the Department as sole Respondent and alleging claims for relief in the nature of mandamus and preliminary and permanent injunctions,[2] as well as incidental damages.[3] Brown also seeks a declaratory judgment "that [he] is entitled to <u>complete</u> access to the information and materials contained in the State Library." (Brown's Petition, Relief Sought at ¶ 2) (emphasis in original).[4] The Department filed preliminary objections, which we now review.

---

[2] Regarding requests for mandamus or injunctive relief, we have explained:

> A writ of mandamus is an extraordinary remedy used to compel official performance of a ministerial act when a petitioner establishes a clear legal right, the respondent has a corresponding duty, and the petitioner has no other adequate remedy at law. *Danysh v. Wetzel*, 49 A.3d 1, 2 (Pa. Cmwlth. 2012). The purpose of mandamus is to enforce rights that have been clearly established. *Silo v. Commonwealth*, 886 A.2d 1193, 1195 (Pa. Cmwlth. 2005). Mandamus may not be used to establish legal rights or to compel performance of discretionary acts. *Maute v. Frank*, 670 A.2d 737, 740 (Pa. Cmwlth. 1996). . . . Like mandamus, [the] threshold burden when seeking a permanent injunction is to establish a clear legal right to relief. *Rosario v. Beard*, 920 A.2d 931, 934 (Pa. Cmwlth. 2007). To secure injunctive relief, [a petitioner] must demonstrate that the right to relief is clear, that there is an urgent necessity to avoid an injury which cannot be compensated in damages, and that the greater injury will result from refusing rather than granting the relief requested. *Id.*; *Singleton v. Lavan*, 834 A.2d 672, 674 (Pa. Cmwlth. 2003).

*Tindell v. Department of Corrections*, 87 A.3d 1029, 1034 (Pa. Cmwlth. 2014) (footnote omitted.)

[3] The Department preliminarily objects to Brown's request for monetary damages. However, Brown clarifies in his Response that his request is for incidental monetary damages under 42 Pa.C.S. § 8303.

[4] Section 7532 of the Declaratory Judgments Act provides, "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S. § 7532.
**(Footnote continued on next page…)**

## II.

### A.

The Department contends that Brown should be required to re-plead his Petition because it does not demarcate each cause of action in separate counts containing a request for relief. *See* Pa. R.C.P. No. 1020(a) ("The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief."). However, Brown's Petition demonstrates that it is only asserting one cause of action relating to his various requests for relief – *i.e.*, all requests for relief related to the Department's alleged refusal to supply him materials upon direct request. Accordingly, the Department's preliminary objection on this basis is overruled.

---

**(continued…)**

> The purpose of the Declaratory Judgments Act is to 'settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered.' 42 Pa.C.S. § 7541(a). An action brought under the Declaratory Judgments Act 'must allege an interest by the party seeking relief which is direct, substantial and present . . . and must demonstrate the existence of an actual controversy related to the invasion or threatened invasion of one's legal rights.' *Bowen v. Mount Joy Township*, . . . 644 A.2d 818, 821 . . . [(Pa.Cmwlth.1994)]. Granting or denying an action for a declaratory judgment is committed to the sound discretion of a court of original jurisdiction.

*GGNSC Clarion LP v. Kane*, 131 A.3d 1062, 1064 n.3 (Pa. Cmwlth. 2016).

**B.**

The Department next contends that Brown's Petition should be dismissed pursuant to Pa. R.C.P. No. 1028(a)(5) because he failed to join the DOC as a Respondent, which it contends is an indispensable party to this dispute. Brown, in response, contends that the DOC's presence is not necessary because he made a direct request for materials with the Department's State Library.

Brown's direct inquiries to the State Library are an attempt to circumvent the DOC's policies, procedures and authority when it comes to the access and administration of library materials, as well as the collection of past-due fees. As Brown plainly admits in his Petition, "[he] is in debt with the [DOC] for approximately $1,400 and is therefore unable to purchase any materials from the State Library through the prison Library because any funds sent to the prison for him will be immediately confiscated to pay towards his debt, which was related to [the Department] in his letter dated May 1, 2017." (Brown's Petition at 2.)

Given the above, the DOC is an indispensable party to this action. We need not dismiss Brown's Petition because, if Brown's action survives the Department's demurrer, we have the authority to join the DOC to this action. *See* Pa. R.C.P. No. 1032(b) ("Whenever it appears by suggestion of the parties or otherwise that . . . there has been a failure to join an indispensable party, **the court shall order . . . that the indispensable party be joined**, but if that is not possible, then it shall dismiss the action.") (emphasis added).

5

## III.

The Department's demurrer[5] asserts that Brown has failed to plead a cause of action against it because he admits that the State Library would provide him with additional materials if an interlibrary loan request was submitted along with any necessary payment. It contends that Brown's inability to receive additional library materials is not due to any action on its part, but rather because the DOC would purportedly confiscate any money Brown sent to pay for State Library materials because of his outstanding debt.

Nowhere in his Petition does Brown allege that the State Library would not send him materials if payment was sent for the materials that he requested. Again, as set forth in Brown's pleadings, the State Library's policy as expressed to him is: "[W]e do not send materials **directly to individuals** nor answer specific reference questions. Please direct your requests or questions to your institution. For further clarification of this procedure, please contact your librarian, who will consult with this library if necessary." (Brown's Petition at ¶ 6) (emphasis added).

---

[5] "[P]reliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by a demurrer." *P.J.S. v. Pennsylvania State Ethics Commission*, 669 A.2d 1105, 1112 (Pa. Cmwlth. 1996) (quoting *Mellon Bank, N.A. v. Fabinyi*, 650 A.2d 895, 899 (Pa. Super. 1994)). To this end, we must accept as true all well-pleaded averments set forth in the petition and all inferences reasonably deduced therefrom. *See Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation & Natural Resources*, 909 A.2d 413, 415-16 (Pa. Cmwlth. 2006). We will sustain preliminary objections only if it is clear that the law will not permit the requested relief and any "doubt must be resolved in favor of overruling the preliminary objections." *Id.* at 416.

The State Library has the authority to implement policies on how library materials are made available to the general public, local library responsibilities, and the process by which local libraries can request further materials from the State Library.[6] To this end, the State Library has decided that requests for materials be

---

[6] The State Librarian shall have, among other things, the power and duty to:

(1) Control, direct, supervise and manage the State Library as an agency providing information and fostering continuing education in the State education program.

(2) Maintain a law library as part of the State Library.

(3) Maintain a definitive, organized collection of all Commonwealth publications in the State Library, receive copies of all publications of all agencies of the Commonwealth and provide for the distribution of those publications to other libraries.

* * *

(5) Coordinate a Statewide system of local libraries.

* * *

(9) Purchase and maintain a general collection of books, periodicals, newspapers, maps, slides, films and other library materials for the use of State and local governments, libraries and the public generally.

(10) Make available all library materials of the State Library for circulation to local libraries and the public generally under rules and regulations promulgated by the State Librarian.

* * *

(18) Subject to approval by the advisory council, promulgate rules and regulations for the purpose of carrying out the library powers and duties that are imposed by law.

Section 9311(b) of the Public Library Code, 24 Pa.C.S. § 9311(b).

made through interlibrary loan requests – *i.e.*, requests made through, by and between libraries. Inmates are held to the same standard; pursuant to the DOC Policy DC-ADM 0007, Section 1(c)(1), "Legal material that is not available via the law library computers may be requested through inter-library loan." (*Id.* at ¶ 8.)

From the pleadings, it is clear that the Department is not preventing Brown from obtaining access to materials; rather, the issue is the purported DOC policy of confiscating funds that he would send to pay for State Library materials, given his outstanding obligations with the DOC. Brown's inability to get State Library materials is not the result then of any action that the Department took, but due to the DOC carrying out interlibrary transfer regulations set forth in DOC Policy DC-ADM 0007.

Accordingly, because we would dismiss the Department from this action even if the DOC was a party, we sustain the Department's preliminary objections in the nature of demurrer and dismiss Brown's Petition.[7]

_____
DAN PELLEGRINI, Senior Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[7] In any event, we would still dismiss Brown's Petition because any purported harm he suffered is speculative and/or not ripe for review. Accepting all pleadings as true, Brown's Petition still demonstrates that he never actually requested (and, consequently, was never denied) any specific materials from the State Library. Accordingly, any harm that may come from the State Library's policy has yet to occur.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                 :
         Petitioner       :
                            :
        v.               : No. 295 M.D. 2017
                            :
PA Dept. of Education,     :
         Respondent    :

# **O R D E R**

AND NOW, this 11th day of April, 2018, the Pennsylvania Department of Education's preliminary objections in the nature of a demurrer are sustained and Alton D. Brown's petition for review is dismissed. The Chief Clerk is directed to mark the case as closed.

_____
DAN PELLEGRINI, Senior Judge